**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 08 CR 717 |
| | ) | |
| BRIAN K. LILLIE, et al. | ) | |

**MEMORANDUM OPINION AND ORDER**

On September 10, 2008, a federal grand jury returned a one-count indictment [1] against Andre D. Johnson ("Johnson") and Brian K. Lillie ("Lillie") (collectively "Defendants"), charging them with mail fraud in violation of 18 U.S.C. § 1341. Defendant Lillie has filed various pre-trial motions [34], which currently are before the Court for resolution.[1] For the reasons stated below, Defendant's motions are denied in part and granted in part.

**I.   Motion to Dismiss Indictment, or Alternatively to Order Review of Grand Jury Materials**

Lillie first moves to dismiss the indictment on the grounds that it is not supported by any evidence. "An indictment will be deemed sufficient if it (1) states the elements of the offense charged, (2) fairly informs the defendant of the nature of the charge so that she may prepare a defense, and (3) enables her to plead an acquittal or conviction as a bar against future prosecutions for the same offense." *U.S. v. Yoon*, 128 F.3d 515, 521-22 (7th Cir. 1997).

The elements of mail fraud are "(1) a scheme to defraud; (2) an intent to defraud; and (3) use of the mails or wires in furtherance of the scheme." *U.S. v. Sloan*, 492 F.3d 884, 890 (7th Cir. 2007). The indictment states all three of these requisite elements. The indictment also explains the nature of the charge, describing an alleged scheme in which Lillie knowingly

---

[1] On April 15, 2009, Defendant Johnson filed a motion [37] in which he essentially adopted the arguments set forth in Defendant Lillie's motions. The rulings set forth below thus apply to both Defendants in this case.

submitted false inspection reports to Wells Fargo Home Mortgage in order to fraudulently induce the lender to release federal funds allocated by the Federal Housing Administration for the rehabilitation of distressed property.

Lillie's contention that the indictment nevertheless is invalid cannot be squared with the requisite elements of the offense of mail fraud. Lillie contends that there is no evidence to support the theory that Johnson and Lillie acted together to defraud Wells Fargo and the government. But the existence of a conspiracy is not an element of mail fraud. To the extent that Lillie is arguing that the government cannot prove its apparent theory of the crime, that argument is not well taken at this stage of the case. As discussed below, a motion to dismiss an indictment is not "a means of testing the strength or weakness of the government's case.'" *U.S. v. Moore*, 2009 WL 1053073, at *3 (7th Cir. April 21, 2009). In short, the government is not required to prove its case at this time. Therefore, the Court finds that the indictment is sufficient on its face.

The Supreme Court has long held that "[a]n indictment returned by a legally constituted and unbiased grand jury, * * * if valid on its face, is enough to call for trial of the charge on the merits." *Costello v. U.S.*, 350 U.S. 359, 362 (1956). It is a well-established corollary to that rule that "an otherwise valid indictment cannot be challenged on the ground that the grand jury based it on inadequate or incompetent evidence." *U.S. v. Taylor*, 154 F.3d 675, 681 (7th Cir. 1998). Indeed, both the Supreme Court and the Seventh Circuit have expressed "reluctance to examine the quality or sufficiency of the evidence presented to a grand jury . . . even [where that evidence was] unconstitutionally obtained." *U.S. v. Greve,* 490 F.3d 566 (7th Cir. 2007) (citing *United States v. Calandra,* 414 U.S. 338, 344-45 (1974)). Challenges based on the sufficiency of the evidence that was presented to the grand jury are not permitted. If such challenges were allowed,

"the resulting delay would be great indeed," because "before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury." *Costello*, 350 U.S. at 362.

Lillie contends that he is not challenging the indictment based on the adequacy of the evidence presented to the grand jury, but rather on the grounds that the grand jury heard *no* evidence supporting the indictment. The Court does not see an appreciable difference between a pre-trial challenge based on the sufficiency of the evidence and one based on a supposed lack of evidence. In either case, the court is being asked to "delv[e] beneath the face of the indictment," something that "decisions by the Supreme Court * * * seem to go out of their way to prevent." *U.S. v. Roth*, 777 F.2d 1200, 1203 (7th Cir. 1985). Moreover, allowing challenges based on a supposed lack of evidence would require the same kind of preliminary trial that the rule against challenges based on the sufficiency of the evidence was designed to prevent. Because Lillie's indictment was returned by a legally constituted grand jury, and is valid on its face, the motion to dismiss the indictment is denied.

Alternatively, Lillie moves for an order directing the government to produce to him, or to submit to the Court for *in camera* inspection, all grand jury materials pursuant to Rule 6(e)(3)(E)(ii) of the Federal Rules of Criminal Procedure. In order to be entitled to grand jury materials pursuant to Rule 6(e)(3)(E)(ii), a defendant "must show a particularized need for the review to overcome the presumption of secrecy embodied in the grand jury process." *U.S. v. Puglia*, 8 F.3d 478 (7th Cir. 1993); see also *U.S. v. Capriotti*, 2003 WL 23213568, at *3 (N.D. Ill. Dec. 30, 2003 (denying motion for disclosure of grand jury materials to defendant or for *in camera* review where no particularized need was shown). "Mere unsupported speculation of possible prosecutorial abuse does not meet the particularized need standard." *U.S. v. Canino*,

949 F.2d 928, 943 (7th Cir. 1991). "'In determining whether the party requesting disclosure has met his burden, the district court has 'substantial discretion.'" *Matter of EyeCare Physicians of America*, 100 F.3d 514 (7th Cir. 1996). Here, Lillie provides no more than unsupported speculation that the grand jury must not have been presented with any supporting evidence, which is not sufficient to satisfy the particularized need standard. Therefore, the motion for the disclosure of the grand jury materials respectfully must be denied.

## II. Motion to Compel Disclosure of Favorable Evidence

Lillie also moves for the immediate disclosure of all favorable evidence and all evidence that bears upon the credibility of witnesses, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972). In particular, Lillie requests that the government produce 22 types of evidence and expresses his confidence "that Government counsel intends to produce any and all *Brady* material of which he becomes aware." [34, at 7]. In response, the government acknowledges its continuing obligations under *Brady* and *Giglio*, and represents that it has complied (and will continue to comply) with those obligations. The government has declined to address Lillie's specific requests, but has noted that it does not necessarily agree that all of the evidence Lillie seeks is subject to disclosure under *Brady* and *Giglio* [35 at 9, n.3].

The government correctly notes that courts in this Circuit consistently have held that "where the government has made assurances it will comply with *Giglio* and *Brady*, those assurances are sufficient," and a defendant's discovery motion will be denied as moot. *United States v. Butler*, 1994 WL 69387, at *2 (N.D. Ill. Feb. 4, 1994) (citing cases); see also *U.S. v. Macias*, 2007 WL 1202414, at *9 (N.D. Ill. April 19, 2007). However, here, (i) Lillie has specifically requested 22 types of evidence that he believes the government must disclose

4

pursuant to *Giglio* and *Brady*, (ii) the government has suggested that it may not agree that all of the requested material is discoverable, and (iii) Lillie identifies two specific items as to which he believes "the Government has not fulfilled its obligations." [36, at 4-5].

Given that trial is not imminent, the Court directs counsel to meet and confer to determine the extent to which the defense and the government have a genuine disagreement as to what the law requires and to file no less than three business days before the next status conference a status report setting forth any areas of continuing disagreement. See *U.S. v. Farley*, 1997 WL 695680, at *8 n.13 (N.D. Ill. Oct. 31, 1997) (refusing to dismiss *Brady* motion as moot where government and defense disputed what the law required on the ground that the court cannot "delegate to the government the task of determining what the law is"). Consistent with the foregoing, the Court accepts the government's representation that it will continue to disclose *Brady* material if and when it becomes available. In addition, in the interest of efficient pre-trial and trial proceedings, the Court directs the government to provide any *Giglio* materials no later than 35 days before trial. Lillie's motion for disclosure of favorable evidence otherwise is denied without prejudice and subject to being renewed if the parties cannot reach agreement on the scope of the government's disclosure obligations (see above).

### III.    Motion to Compel Early Notice of Rule 404(b) Evidence

Lillie moves for an order requiring the government to provide him with immediate notice of its intent to use evidence of his other crimes, wrongs, or acts pursuant to Federal Rule of Evidence 404(b). Lillie also requests that the government be compelled to provide notice of all "other acts" evidence it expects to use in cross-examination or on rebuttal, and makes certain specific requests. For example, he requests notice of the dates, times, places and persons involved in the other crimes, wrongs or acts the government intends to use. In response, the government acknowledges its obligation to provide general notice of Rule 404(b) evidence, but

5

objects to the timing requested by Lillie, stating that it intends to give notice two weeks before trial. The government also objects to the degree of specificity and the scope of the notice Lillie seeks.

With respect to the timing of the notice, Rule 404(b) requires "reasonable notice in advance of trial." The Advisory Notes to Rule 404(b) explain that "[o]ther than requiring pretrial notice, no specific time limits are stated in recognition that what constitutes a reasonable request or disclosure will depend largely on the circumstances of each case." Lillie contends that because the conduct at issue took place more than 5 years ago, immediate notice is reasonable in this case. The Court agrees with Lillie that he should be given some time to investigate any acts identified by the government. However, in light of the fact that the trial date still is nearly six months away, immediate notice will not be required. Again, in the interest of orderly and efficient pre-trial and trial proceedings, the Court believes that requiring the government to disclose the information no less than 35 days before trial is reasonable in this case. See *U.S. v. Rusin*, 889 F. Supp. 1035, 1036 (N.D. Ill. 1995) (ordering government to disclose relevant Rule 404(b) evidence no less than 35 days prior to trial where the events at issue had taken place five or six years earlier). Any motions concerning Rule 404(b) evidence will be due no later than 30 days before trial; responses will be due 7 days later; the Court will notify the parties if a replies will be requested.

With respect to the specificity of the required notice, the Federal Rules of Evidence require notice "of the general nature" of the Rule 404(b) evidence to be introduced at trial. Lillie requests the dates, times, places and persons involved in the other crimes, wrongs or acts, the documents pertaining to the acts, and a statement of the issues to which the Government believes the acts are relevant. "This degree of specificity is clearly beyond the scope of disclosure

required by Rule 404(b)." *Rusin*, 889 F. Supp. at 1036 (denying similarly specific Rule 404(b) requests). Therefore, Lillie's request for such detailed notice is denied.

Finally, in terms of the scope of the notice, Lillie requests that the government provide notice of any "other acts" evidence it intends to use in cross-examination and on rebuttal. Lillie's request for such evidence is governed by Rule 608, not Rule 404(b). See Fed. R. Evid. 608(b); *U.S. v. Schoeneman*, 893 F. Supp. 820 (N.D. Ill. 1995) (finding that defendant's request for other acts evidence to be used by government during cross-examination and on rebuttal was governed by Rule 608(b)). "Rule 608(b) evidence need not be disclosed in advance of trial." *U.S. v. Stoecker*, 920 F. Supp. 876, 883 (N.D. Ill. 1996) (denying defendant's motion for disclosure of other acts evidence that government intended to use in cross-examination). Therefore Lillie's request for any other acts evidence the government expects to use in cross-examination and on rebuttal is denied.

**IV.   Motion to Preserve Agents' Notes, Memoranda, and Reports**

Lillie also seeks an order compelling all law enforcement agents and all government witnesses to retain and preserve any notes, memoranda and reports made in connection with their investigation of the Defendants. Lillie contends that at least a portion of these materials may be discoverable under 18 U.S.C. § 3500, *Jencks v. United States*, 353 U.S. 657 (1967), or *Brady v. Maryland*, 373 U.S. 83 (1963).

The government has agreed to the preservation of the notes, memoranda and reports of law enforcement agents, and has further assured that it will not destroy the notes and memoranda of any non-governmental parties that are now in, or later come into, its possession. However, the government objects to the motion with respect to any notes and memoranda that are exclusively in the possession of non-government witnesses the government may call at trial.

7

Given the government's assurances regarding the preservation of law enforcement agents' notes, Lillie's motion is denied as moot with respect to law enforcement agents. Lillie offers no authority in support of his request that the government produce the notes of non-governmental witnesses that are not in its possession. Therefore, Lillie's motion is denied with respect to non-government employee witnesses.

**V.      Motion to Compel Early Presentation of *Santiago* Proffer**

Finally, Lillie moves for the early submission of a *Santiago* proffer regarding the admissibility of statements made by Johnson (Lillie's co-defendant and alleged co-conspirator) against Lillie pursuant to Federal Rule of Evidence 801(d)(2)(E). Under Rule 801(d)(2)(E), statements made by a co-conspirator during the course and in furtherance of the conspiracy are not hearsay. *U.S. v. Stephenson*, 53 F.3d 836, 842 (7th Cir. 1995). "[I]t is not a condition for the admission of coconspirator statements under Rule 801(d)(2)(E) that the defendant be on trial for a conspiracy charge." *U.S. v. Cox*, 923 F.2d 519, 526 (7th Cir. 1991). Therefore, the government may seek to admit Johnson's statements against Lillie despite the fact that Lillie is not formally charged with conspiracy. *Id.*

To the extent that the government seeks to admit statements under Rule 801(d)(2)(E), it "must prove by a preponderance of the evidence that (1) a conspiracy existed; (2) the defendant and the person making the statement were members of the conspiracy; and (3) the statement was made during the course and in furtherance of the conspiracy." *Stephenson*, 53 F.3d at 842. In *United States v. Santiago,* 582 F.2d 1128, 1130-35 (7th Cir. 1978), the Seventh Circuit "directed that district courts make a ruling on the admissibility of a co-conspirator's statements pursuant to Rule 104(a) before they are admitted at trial." *Id.* Thus, a *Santiago* proffer is the "preferred way for the government to make its preliminary 'coconspirator statement' factual showing." *U.S. v. Reyes*, 2008 WL 4686169, at *2 (N.D. Ill. May 8, 2008).

If the government intends offer evidence of co-conspirator statements pursuant to Rule 801(d)(2)(E), it is ordered to produce a *Santiago* proffer at least 35 days before trial. See *U.S. v. Murray*, 2006 WL 1987811, at *6 (N.D. Ill. July 11, 2006) (ordering government to produce *Santiago* proffer at least four weeks before trial). Any objections to such a proffer will be due 10 days after the proffer is made unless otherwise ordered by the Court.

**VI. Conclusion**

For the reasons stated above, Defendants motions [34, 37] are granted in part and denied in part. Specifically, (i) the motion to dismiss the indictment is denied; (ii) the motion for the disclosure of grand jury materials is denied; (iii) in view of the government's acknowledgments, the motion for disclosure of favorable evidence is denied without prejudice, except that counsel are directed to meet and confer and to file a status report on any disputes as to what the law requires concerning the *Giglio* and *Brady* materials referenced above and the government is ordered to produce *Giglio* materials no later than 35 days before trial; (iv) the Rule 404(b) motion is denied, except that the government is ordered to give notice of the general nature of the Rule 404(b) evidence to be introduced in its case-in-chief 35 days before trial and any Rule 404(b) issues for trial are to be presented according to the briefing schedule set forth above; (v) the motion for the preservation of notes is denied; and (vi) the government is ordered to produce a *Santiago* proffer at least 35 days before trial if it intends to admit statements pursuant to Rule 801(d)(2)(E) and any objections to such a proffer will be due 10 days after the proffer is made.

Dated: May 15, 2009

_____
Robert M. Dow, Jr.
United States District Judge